**UNITED STATES, Appellee,**

v.

**Staff Sergeant Ernest G. FOWLER III, 561–78–9292, United States Army, Appellant.**

**ACMR 8902045.**

U.S. Army Court of Military Review.

29 June 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Allen F. Bareford, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Martin D. Carpenter, JAGC, Major Maria C. Fernandez, JAGC, Captain James K. Reed, JAGC (on brief).

Before FOREMAN, JOHNSON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A court-martial convicted the appellant of indecent acts with a child, indecent liberties with a child, and carnal knowledge, in violation of Articles 134 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 920 (1982). The court-martial sentenced appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of 24 months for five years.

The appellant contends that:

THE MILITARY JUDGE ERRED BY ADMITTING OVER DEFENSE OBJECTION TESTIMONY OF A PSYCHIATRIST WHO EXAMINED APPELLANT DURING A SANITY BOARD THAT APPELLANT WAS A PEDOPHILE AND THAT APPELLANT'S SEXUAL ATTRACTION TO CHILDREN WAS NOT LIMITED TO INCESTUOUS BEHAVIOR.

After arraignment, the military judge granted a defense request for a sanity board for the appellant. After the sanity board was completed and the court reconvened, the trial counsel informed the military judge that he intended to offer the testimony of one of the members of the sanity board to testify that the appellant is a pedophile.

The trial defense counsel objected. Citing Military Rule of Evidence 302,[1] trial defense counsel argued that the psychiatrist's testimony was derivative evidence obtained through the use of the appellant's statements to the sanity board and, as such, was privileged.

The trial counsel argued that derivative evidence does not include the conclusions of the board. Trial counsel further argued that Military Rule of Evidence 302 protects communications of the sanity board, not conclusions, and that the government did not intend to disclose communications made by the appellant. The military judge admitted the testimony but limited it to the psychiatrist's conclusions.

■ We hold that the military judge erred by admitting the psychiatrist's testimony. First, Rule for Courts–Martial 706 encompasses sanity evaluations requested by an investigating officer, trial counsel, defense counsel, military judge or court members. Military Rule of Evidence 302(a) provides:

The accused has a privilege to prevent any statements made by the accused at a mental examination ordered under R.C.M. 706 and any derivative evidence obtained through use of such a statement from being received into evidence against the accused on the issue of guilt or innocence or during *sentencing* proceedings. This privilege may be claimed by the accused notwithstanding the fact that the accused may have been warned of the rights provided by Mil.R.Evid. 305 [2] (emphasis added).

We hold that the testimony of the psychiatrist during the sentencing phase of the trial was not derivative evidence. "[D]erivative evidence obtained through the use of such a statement pertain[s] to facts concerning an accused's participation in the

---

1. Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 302.

2. Military Rule of Evidence 305 provides that a person subject to the Uniform Code of Military Justice, 10 U.S.C. §§ 801–940 (1982 and its supplements), must be informed of the nature of the accusation, the right to remain silent, that any statement made by the accused may be used

as evidence against him in a trial by court-martial, and that if evidence of a testimonial or communicative nature within the meaning of the Fifth Amendment to the Constitution of the United States is sought or is a reasonable consequence of an interrogation, an accused is entitled to consult with counsel.

**1166**

criminal acts charged," not the psychiatrist's opinion based on facts revealed to the sanity board. *See United States v. Matthews*, 14 M.J. 656, 659 (A.C.M.R.1982).

 However, the introduction of such evidence by the government, when the accused has not been warned of the potential adverse use of the results of his sanity board in determinating an appropriate sentence, violates an accused's fifth amendment privilege against self-incrimination. *Estelle v. Smith*, 451 U.S. 454, 462–463, 101 S.Ct. 1866, 1872–1873, 68 L.Ed.2d 359 (1981); *Battie v. Estelle*, 655 F.2d 692, 701 (5th Cir.1981).

Accordingly, although the psychiatrist's testimony on sentencing was not derivative evidence, we hold that it was inadmissible because it was admitted for a purpose other than to demonstrate appellant's competency to stand trial and it was based on communications from the appellant which were not preceded by an appropriate warning. *See Estelle v. Smith*, 451 at 468, 101 S.Ct. at 1875–1876; *Battie v. Estelle*, 655 F.2d at 701.

We have considered the other errors assigned by appellant and find that they are without merit.

The findings of guilty are affirmed.

Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for five years (as suspended by the convening authority), forfeiture of all pay and allowances, and reduction to the grade of Private E1.

Judge JOHNSON and Judge VARO concur.